IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALA SIMONE LUI, | 1:06-cv-00875-AWI-SMS-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS & RECOMMENDATIONS |
| vs. | (Doc. 7.) |
| HENRY, et al., | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE CASE |

Gala Simone Lui ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Plaintiff filed the complaint initiating this action on July 10, 2006. On June 2, 2008, the court screened plaintiff's complaint and issued findings and a recommendation that this action be dismissed with prejudice, based on plaintiff's failure to state any cognizable claims. Plaintiff was provided an opportunity to file objections to the findings and recommendations within thirty days. Plaintiff requested, and was granted, a forty-five day extension of time to file objections. More than forty-five days have passed, and plaintiff has not filed objections or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire

1

file, the court will adopt the findings and recommendations.  In this action, plaintiff challenges a disciplinary hearing finding.   However, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005).  Where, as here, success in this action would implicitly question the validity of the disciplinary hearing's finding that revoked plaintiff's good time credits, plaintiff must first achieve a favorable termination of his available state or federal habeas.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).    Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

        Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on June 2, 2008, are adopted;
2. This action is dismissed with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under §1983; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   September 6, 2008**              **/s/ Anthony W. Ishii**
                                                 CHIEF UNITED STATES DISTRICT JUDGE